434 F.2d 620
 75 L.R.R.M. (BNA) 2654, 64 Lab.Cas. P 11,252
 NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
INTERNATIONAL LONGSHOREMEN'S AND WAREHOUSEMEN'S UNION, LOCAL
17, INTERNATIONAL LONGSHOREMEN'S and
warehousemen's/ UNION, Respondent.
 No. 24874.
 United States Court of Appeals, Ninth Circuit.
 Oct. 28, 1970.
 
 John H. Ferguson, Washington, D.C. (argued), Robert A. Giannasi, Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D.C., Roy O. Hoffman, Director, N.L.R.B., San Francisco, Cal., for petitioner.
 Richard L. Patsey (argued) of Gladstein, Andersen, Leonard, Sibbett & Patsey, San Francisco, Cal., for respondent.
 Before DUNIWAY, HUFSTEDLER, and KILKENNY, Circuit Judges.
 
 
 1
 /per curiam/:
 
 
 2
 The National Labor Relations Board petitions for enforcement of its order, inter alia, compelling respondent Union to cease and desist from causing or attempting to cause Associated Metals Company of California, in violation of section 8(a)(3) of the Act, to deny employment to Stanley G. Kraus and to make Kraus whole for any loss of earnings suffered by him by reason of the discrimination against him at Associated.[1]
 
 
 3
 Respondent makes a token argument that there was not substantial evidence on the whole record to sustain the Board's conclusion that Respondent violated section 8(b)(2) and (1)(A), but the focal point of its attack is that portion of the order which directs Respondent to make Kraus whole by paying him wages lost from July 11 to a period five days after Respondent gave written notification that it had no objection to Kraus' employment at Associated. Respondent contends the back-pay order should be modified to limit such pay to the period July 11 to July 31, 1967. That contention rests upon the meaning Respondent ascribes to a conversation between Union Business Manager Thompson and Associated's Vice-President Sabo, after the Union had refused to dispatch Kraus in July. Thompson told Sabo that he had 'washed his hands of Kraus,' that the company could 'do what (it) pleased about him, that he was a lost cause and that was it.' Respondent says that the plain meaning of the remarks was that the Union had no further objection to Associated's employing Kraus without adhering to the normal dispatch slip procedure, and that the Board's contrary interpretation of the conversation cannot be sustained. We are unable to spell out the Respondent's libretto from that line, and we do not see the slightest reason why the Board should have done so.
 
 
 4
 The Board's order will be enforced.
 
 
 
 [1]
 The Board's decision and order is reported at 173 NLRB No.95